UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |
|---|---|
| COLUMBIA GAS, TRANSMISSION CORP | CASE NO. 1:07-cv-661 |
| Plaintiff, | |
| vs. | ORDER AND OPINION [Resolving Doc. 39] |
| FIRST CONGREGATIONAL CHURCH et. al. | |
| Defendants. | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this matter, the Court decides whether Defendants' counter-claims seeking to limit Plaintiff's use of an easement right-of-way is ripe for determination. On March 7, 2007, Columbia Gas Transmission Corp. filed three lawsuits agaisnt First Congregational Church, North Central Ohio Land Conservancy, and Mohican School in the Out-of-Doors. [Doc. 1]. On May 9, Defendants filed an answer and counterclaim. [Doc. 9; 46]. This Court consolidated the three cases on May 29, 2007. [Doc. 11]. On June 20, 2007, Plaintiff filed a partial motion to dismiss the counter-claims as not ripe. [Doc. 18]. On August 15, 2007, Defendant-counter-claimants filed a second amended complaint. [Doc. 34]. On August 27, Plaintiff renewed its partial motion to dismiss. [Doc. 39]. For the reasons stated below, the Court **DENIES** the Plaintiff's partial motion to dismiss.

## BACKGROUND

Plaintiff Columbia Gas owns and maintains gas pipelines crossing each of the Defendants'

Case No. 1:07-cv-661
Gwin, J.

properties. [Doc. 1] The Pipelines traverse an area known as Hemlock Falls. Defendants allege that Hemlock Falls was a gathering place for ancient Indian tribes and, in modern times, a destination for persons seeking a connection with Ohio's natural heritage. Defendants purchased the area to protect its natural heritage, and conservation easements cover much of the area at issue. [Doc 46].

Plaintiff Columbia Gas hold the right to lay, operate, repair, and remove its pipeline, SL-W8814, via a 1914 right-of-way agreement. [Doc. 1.] Columbia argues its right of way across the Defendants' servient property is fifty feet–that this is the amount of space "necessary and convenient" for the inspection, operation, and maintenance of its pipelines. In contrast, while Defendants acknowledge Columbia's right-of-way, they dispute the width that Columbia claims. Columbia argues it needs a 50 foot clearance to comply with the Natural Gas Pipeline Safety Act. Defendants have prevented Plaintiff Columbia from removing a number of trees that are within 50 feet of its pipeline SL-W8814. Plaintiffs filed the instant lawsuit asking for declaratory and injunctive relief so that it can clear these trees. [*Id.*]

Defendants counter-claimed seeking declaratory judgments regarding all of the rights for all of the pipelines traversing the property they own in the Hemlock Falls area. [Doc. 46]. These pipelines are SL-W8814, L-2150, SL-W8928, SL-W3188, SL-W10817, SL-W9848. Defendants allege that Columbia's Pipeline Right-of-Way Encroachment Procedure Number 200.003.010 specifies a mandatory minimum clearance of 50-feet for all pipeline rights-of-way, and that Columbia has taken action consistent with this policy on 3 out of 7 of the Pipelines at issue in this litigation, including L-2150 and SL-W8814. Defendants further allege that Columbia has made public statements that federal law compels it to clear all pipelines in the Weaver Storage Field (including all the pipelines at issue in this case) to a width of 50-feet. Columbia has announced an

Case No. 1:07-cv-661
Gwin, J.

intention to clear the areas in the near future, stating such clearances are urgent for public and employee safety. Defendants further allege that Columbia has sent its subcontractors to clear pipeline rights-of-way in the area with little or no actual notice to land owners. [*Id.*]

Columbia asserts that the claims involving SW-8928, SL-W3188, SL-W10817, or SL-19848 are not ripe; it admits that its clearing along L-2150 and its claims in this lawsuit as to SW-8814 make those counter-claims ripe. Columbia states that has no present plans to take any action regarding the other five pipelines, has not attempted to clear the rights-of-way for those piepelines, and it has not notified the Defendants that it intends to clear those rights-of-way in the immediate future.

## LEGAL STANDARD

In considering a motion to dismiss on grounds of lack of jurisdiction over the subject matter the Court accepts all factual allegations as true and construes the allegations in the complaint in the light most favorable to the plaintiff. *See United States ex rel. McKenzie v. BellSouth Telecomms., Inc.*, 123 F.3d 935, 938 (6th Cir. 1997). A court properly grants a motion to dismiss only if it appears that the plaintiff can prove no set of facts that would entitle him or her to relief. *See Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984).

"Ripeness requires that the injury in fact be certainly impending." *National Rifle Association of Am. v. Magaw*, 132 F.3d 272, 280 (6th Cir. 1997). A case is ripe "only if the probability of the future event occurring is substantial and of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Id.* at 284 (quotation omitted). The Court considers the likelihood that the harm will come to pass, whether the factual record is sufficiently developed, and hardship to the parties if the Court refuses to consider the claims. *Id.*

Case No. 1:07-cv-661
Gwin, J.

## DISCUSSION

Likelihood of the Injury

Defendant counter-claimants have established a sufficient likelihood of injury. Columbia has made statements indicating that it will clear all pipelines in the area, pursuant to federal law, and that it urgently needs to do so for public safety. Indeed, it has alleged it will need 50 feet of clearing to comply with federal law. Based on Columbia's own statements, probability of similar actions to clear the other five pipelines is substantial and of sufficient immediacy.

The Factual Record

The Court determines the factual record is sufficiently developed to "flesh out" the controversy. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 891 (1990). This case involves the application of pipeline easements to areas of land. The Court need not wait for a factual record to develop in terms of the governing easements or topography and composition of the land.

Hardship to the Parties

The Court finds that declining to issue a declaratory judgment for the claims regarding the five pipelines would work a hardship on the Counter-claimants and not be in the interests of judicial economy. When enforcement of a statute, or a contract, is inevitable and the sole impediment to ripeness is simply a delay before the proceedings commence, the Court may find hardship. *Mozdzierz Consulting, Inc. v. Mile Marker, Inc.*, Case No. 04-CV-74925, 2006 U.S. Dist. LEXIS 13788, at *8-9 (E.D. Mich. March 28, 2006) *citing Kardules v. City of Columbus*, 95 F.3d 1335, (6th Cir. 1996). Furthermore, the Plaintiff's arguments about its need of a fifty feet clearance to comply with federal law applies equally to the Defendant's other pipelines.

Case No. 1:07-cv-661
Gwin, J.

# CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion to dismiss that counterclaim on ripeness grounds.

IT IS SO ORDERED.


Dated: October 10, 2007         s/    *James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE