UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
: CASE NO. 1:07-cv-661
COLUMBIA GAS, :
TRANSMISSION CORP :
:
        Plaintiff, :
:
vs. : ORDER AND OPINION
: [Resolving Doc. 68]
FIRST CONGREGATIONAL CHURCH :
et. al. :
:
        Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On November 6, 2007, the Defendant First Congregational Church moved to extend expert designation deadline. [Doc. 63]. On November 7, 2007, this Court granted the motion. [Doc. 65]. On November 26, 2007, the Plaintiff filed a motion to reconsider. [Doc. 68]. For the reasons stated below, the Court **DENIES** the motion.

**I. Background**

In this case, the parties seek a declaratory judgment and related injunction concerning the width of the right-of-ways regarding certain easements for gas pipelines. This Court set the original expert designation deadline for Defendants as September 3, 2007. [Doc. 28]. The Defendants moved for an extension of the expert designation deadline to add Mr. Robert Eiber as their expert. The Defendant argued that Mr. Eiber's testimony would be useful to the trier of fact and was in the interest of justice. In the motion, the Defendant further noted that the previously retained expert had

Case No. 1:07-cv-661
Gwin, J.

been retained by previous counsel and had not committed to being available for trial. The Defendants proffered several dates in November for a potential deposition of Eiber.

## II. Law & Analysis

The Plaintiff cites Fed. R. Civ. P. 37(c), which provides that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . unless the failure was substantially justified or is harmless. Rule 26(a) provides that a party must make its expert disclosures *at the times and in the sequence that the court orders* or thirty days after another party's disclosure if it is intended to contradict or rebut evidence on the same subject matter as another party. The Court's original deadline for expert disclosures, entered into pursuant to Rule 16(b), allowed the Defendant until September 3, 2007 to designate its expert witnesses.

The Court granted the Defendant an extension on the expert deadlines on November 6, 2007.[1] [Doc. 65]. As such, Fed. R. Civ. P. 37(c) does not apply. The party made its expert disclosure within the time of the Court's order. The Court finds, therefore, the issue of whether the new expert designation deadline is "harmless" to the other party does not apply.

Further, to exclude the Defendant's expert testimony based on Rule 37 would, in essence, be a discovery sanction that would deprive the Defendant of its day in court, and that would be inappropriate in these circumstances. *See Freeland v. Amigo*, 103 F.3d 1271 (6th Cir. 1997) (finding

---

[1] The Court may modify a scheduling order for good cause. Fed. R. Civ. P. 16(b)(4). "Although the Court has broad discretion to modify its own pretrial orders, it must be remembered that adherence to reasonable deadlines is critical to maintaining integrity in court proceedings, and that pretrial scheduling orders are the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." *Surbella v. Foley*, No. 2:05-cv-0758, 2006 U.S. Dist. LEXIS 55749 (S.D. Ohio August 10, 2006). The primary focus of the inquiry is upon the moving party's diligence, but the Court also considers presence or absence of prejudice to the other party. *Inge v. Rock Financial Corp.*, 281 F.3d 613 (6th Cir. 2002). The Court has found in this case that the Defendant was diligent. The Defendant obtained new counsel on October 29, 2007. The Defendant's counsel asked for an extension of expert deadlines so that he could work with an expert who would agree to be available at trial eight days after he entered an appearance.

Case No. 1:07-cv-661
Gwin, J.

trial court's use of Rule 37 to deprive plaintiffs of their expert was an abuse of discretion). The Plaintiffs cite Rule 37 as a basis for this Court to exclude the expert testimony. The *Freeland* court found the district court should have considered less drastic sanctions, noted the sanctioned party had not acted in bad faith, and found there was little prejudice to the other party. The Court further noted that "an innocent [party] should not be penalized for the conduct of an inept attorney." *Id.* at 1278. This case is similar to *Freeland*. The Defendant was not acting in bad faith in its failure to designate its expert before the Court's cutoff and there is little prejudice to the Plaintiff in using the expert's testimony at trial. Further, the expert that original counsel designated has not agreed to work with the Defendant's new counsel or be available for trial. As such, excluding the new expert's testimony would deprive the Defendant of its day in court. *Id.*

The Court finds no prejudice to the Plaintiff in allowing the Defendant to use its new expert at trial. Trial is currently set for January 21, 2008. Had this Court not entered into a scheduling order, the Defendant's expert disclosure would have been due ninety days before trial. Fed. R. Civ. Pro. 26(a)(2)(C)(ii). The Court ordered the Defendant file the expert report by November 20, 2008, which sufficiently complies with the purpose for the deadline in the rule. As such, the Court finds that since Eiber's testimony will not prejudice the Plaintiff's case.

To be clear, since the Defendant did not have leave to extend expert deadlines until after the summary judgment motion deadline, the Court will not consider Eiber's testimony for the purpose of the summary judgment motion.

Finally, the Plaintiff takes issue with this Court's granting the Defendant's motion without awaiting a response. The Court's intent was to prevent any prejudice to the Plaintiff from the delay caused by the two week response window. The Defendant had proffered several dates for

Case No. 1:07-cv-661
Gwin, J.

depositions, some of which were in that period of time, and the Court, in the interest of time and notice to the parties, found it prudent to grant the motion immediately.

### III. Conclusion

For the reasons stated above, the Court **DENIES** the motion to reconsider.

IT IS SO ORDERED.


Dated: December 4, 2007                     s/      *James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE