UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
---------------------------------------------------------

|  |  |  |
|---|---|---|
|  | : |  |
|  | : | CASE NO. 1:07-cv-661 |
| COLUMBIA GAS, | : |  |
| TRANSMISSION CORP | : |  |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| vs. | : | ORDER AND OPINION |
|  | : | [Resolving Doc. 89] |
| FIRST CONGREGATIONAL CHURCH | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

---------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On January 8, 2007, the Plaintiff Columbia Gas Transmission Corp. moved to bifurcate the trial's liability and compensatory damage phase from the phase regarding punitive damages. [Doc. 79].  For the reasons stated below, the Court **DENIES** the motion.

This is an action for a declaratory judgment and injunction concerning the width of the right-of-ways regarding certain easements for gas pipelines.  The Defendant has counterclaimed for a declaratory judgment, an injunction, and an action of trespass.  The Defendant has alleged the Plaintiff's trespass was malicious and in conscious disregard of the Defendant's rights, entitling it to punitive damages. [Doc. 34].

Under Ohio law, a court should bifurcate these phases upon motion of a party, though it has some discretion to deny a motion for reasons of judicial economy.. O.R.C. §2315.21; *see also Barnes v. Univ. Hosps. of Cleveland*, 2006 WL 3446244, 2006 Ohio App. LEXIS 6251,

Case No. 1:07-cv-661
Gwin, J.

(Nov. 30, 2006) (finding no abuse of discretion where trial court denied such bifurcation based on a finding that the issues surrounding both types of damages were closely intertwined and bifurcation would result in duplicate testimony and wasted time).

The Court finds this Ohio rule to be procedural, and therefore it does not apply in federal court.  Rule 42 of the Federal Rules of Civil Procedure governs this type of a claim for bifurcation of claims or issues.  "It is settled that if the Rule in point is consonant with the Rules Enabling Act, 28 U.S.C. § 2072, and the Constitution, the Federal Rule applies regardless of contrary state law." *Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 427 n.7 (1996).

Under Rule 42, this Court has discretion to bifurcate if it finds it "in furtherance of convenience or to avoid prejudice" or when "conducive to expedition and economy."  Fed. R. Civ. Pro. 42(b).  In this case, the Court finds that would be conducive to judicial economy to try the entire case as one.

For the reasons stated above, the Court **DENIES** the motion for bifurcation.

IT IS SO ORDERED.


Dated: January 10, 2008                    s/          *James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE